IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES PYNE, #38138-037 | * | |
|     Petitioner | | |
| | * | |
| v. | | Civil Action No.  AW-09-1899 |
| | * | Criminal Action No. AW-04-18 |
| UNITED STATES OF AMERICA | | |
|     Respondent | * | |

**MEMORANDUM**

Pending is Charles Pyne's  Motion to Vacate denial of his 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct.  Pyne requests vactur pursuant to Rule 60(b) (6) of the Federal Rules of Civil Procedure.  The court finds the pleading properly construed under 28 U.S.C. § 2255, and will dismiss it without prejudice for lack of subject matter jurisdiction.

**I. Background**

Pyne was convicted conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin and possession with intent to distribute approximately 223.4 grams of heroin. He was sentenced to a 144-month term of imprisonment. His conviction and sentence were affirmed on appeal. *See United States v. Pyne*, 175 Fed. Appx. 639 (4th Cir.), *cert. denied*, 549 U.S. 915 (2006). Pyne's 28 U.S.C. § 2255 motion was denied on August 30, 2007.  The United States Court of Appeals for the Fourth Circuit denied a Certificate of Appealability on June 13, 2008.  On May 21, 2009, Pyne filed the instant Motion to Vacate.

**II. Discussion**

The first issue presented is whether this claim is properly raised in a  Rule 60(b)(6) motion or 28 U.S.C. §2255 Motion to Vacate, Set Aside or Correct.  The subject matter of a motion,  not the caption assigned to it by a petitioner, determines its status. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998).  A Rule 60(b) motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," is in fact a second or successive petition for writ of habeas corpus. *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005).  "[A]  motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion

seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *See United States v. Winestock*, 340 F. 3d 200, 207 (4th Cir. 2003).

Although Pyne asserts he is filing a 60(b) (6) motion to challenge the integrity of his § 2255 proceeding, the substance of the motion belies his description. The Motion in fact challenges the propriety of Pyne's pre-trial suppression hearing.[1] As such, Pyne is challenging the underlying criminal case and judgment, not the subsequent proceeding for collateral relief. Consequently, the pleading is properly construed under 28 U.S.C. § 2255.

This is Pyne's second § 2255 petition. Before filing a second or successive motion in federal district court, a petitioner must first obtain authorization from the appropriate court of appeals. *See* 28 U.S.C. §§2244(a) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Pyne may not file a successive §2255 petition under the guise of Rule 60 (b) motion to circumvent the preauthorization requirement. Absent evidence that Pyne has obtained necessary pre-filing certification, the Motion will be dismissed for lack of jurisdiction.

Further, even if the pleading were construed under Rule 60(b)(6), Pyne would not be entitled to relief. Rule 60(b)(6) provides that a court may "relieve a party or a party's legal representative from a final judgment [or] order ... for ... any ... reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). Rule 60(b) provides an extraordinary remedy granted only in exceptional circumstances. *See e.g. Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004); *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n. 2 (4th Cir.2000). Pyne fails to present facts suggesting exceptional circumstance. The appropriate avenue for the relief Pyne is seeking is to obtain pre-filing authorization in the United States Court of Appeals to file a second or successive § 2255 motion.

---

[1] Pyne's Petition for Writ of Prohibition was based on the same facts and sought to prevent the undersigned from reviewing his § 2255 petition. The Petition was denied by the Fourth Circuit. *See In re Pyne,* 231 Fed. Appx. 295 (4th Cir. 2007) (unpublished).

## III. Conclusion

The Motion shall be dismissed without prejudice for lack of jurisdiction. A separate Order follows.

Date: July 21, 2009

　　　　　　　　　/s/　　　　　　　
Alexander Williams, Jr.
United States District Judge
